UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE S. WILSON,<br><br>                Plaintiff,<br>vs.<br><br>GMAC MORTGAGE LLC,<br><br>                Defendant. | CASE NO. 10CV2559 DMS (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

       Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint and Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP").

**I.    Motion to Proceed IFP**

       All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show she is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2. Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

//

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As currently pleaded, Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Plaintiff's Complaint states a claim for failure to comply with the terms of the Home Affordable Modification Program ("HAMP"). However, HAMP generally involves an agreement between a participating loan servicer and the U.S. Department of Treasury and a borrower does not have a private right to enforce the HAMP contract. *Benito v. Indymac Mortg. Serv.*, No. 09cv1218 (PMP)(PAL), 2010 WL 2130648, at * 7 (D. Nev. May 21, 2010); *Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 (BTM)(BLM), 2009 WL 4981618, at *1-2 (S.D. Cal. Dec. 15, 2009). Plaintiff further states in her Complaint that she and her son were "fraudulently put on the streets." To the extent Plaintiff intends to state a claim for fraud, she has failed to sufficiently plead facts in support of such claim. *See* Fed. R. Civ. P. 9(b)(a party alleging fraud must "state with particularity the circumstances constituting fraud or mistake"). Finally, Plaintiff also lists 42 U.S.C. § 3631, 18 U.S.C. § 245, and 28 U.S.C. § 1332 on her civil cover sheet. However, she fails to allege any facts in support of claims under any of these statutes. To the extent Plaintiff intends to state claims pursuant to any of these statutes, such claims

1 are dismissed without prejudice for failure to state a claim upon which relief can be granted.
2 Accordingly, the Court hereby finds that Plaintiffs' Complaint must be dismissed for failing to state
3 a claim upon which relief can be granted.

4 **III.	Conclusion and Order**

5     For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is
6 **GRANTED**. The Complaint is **DISMISSED** without prejudice for failure to state a claim.

7     **IT IS SO ORDERED.**

8 DATED: December 21, 2010

                                              HON. DANA M. SABRAW
                                              United States District Judge